IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH EARL BUSBY,<br>    ID #411895<br>       Petitioner,<br>vs.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>       Respondent. | No. 3:07-CV-0417-L (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History:** On August 24, 1989, after pleading not guilty, petitioner was tried, convicted and sentenced to a life sentence for aggravated robbery. (State Habeas Transcript [26,633-01] at 47). Petitioner filed an appeal, and on July 29, 1992, the Fifth District Court of Appeals affirmed his conviction in an unpublished opinion. (*Id.* at 52-66). Petitioner subsequently filed several state writ applications and writs of mandamus that are unrelated to this case. On June 1, 2006, petitioner filed a state application for writ of habeas corpus alleging that the parole board had violated his constitutional rights by denying him a meaningful hearing and misapplying the law. (S.H.Tr. [26,633-

05]:2-11). The Court of Criminal Appeals denied this state application on December 6, 2006, without written order on the findings of the trial court without an evidentiary hearing. (*Id*. at cover).

Petitioner filed his federal petition on March 1, 2007, alleging that the Texas Board of Pardons and Paroles denied him parole in violation of his constitutional rights. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent filed a response on September 20, 2007, contending that the petition is procedurally barred by the statute of limitations and without merit. Petitioner filed a reply brief on October 9, 2007.

**C. Exhaustion**

Respondent does not contend that petitioner failed to exhaust any of his claims.

## II. STATUTE OF LIMITATIONS

Respondent contends that petitioner's federal petition was not timely filed under applicable federal law.

**A. Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Because the instant challenge is not directed toward his robbery conviction, the finality of his judgment of conviction under subparagraph (A) likewise provides no proper starting point for determining the timeliness of this action. For purposes of this action, the Court will calculate the one-year statute of limitations under subparagraph (D) – the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claim.

As petitioner acknowledges in both his federal petition and his reply brief, he received notice that the Texas Board of Pardons and Paroles denied his parole request on March 22, 2005. This Court therefore finds this was the date on which petitioner should have known with the exercise of due diligence the facts supporting his claim. Because petitioner's March 1, 2007, petition was not filed within one year of March 22, 2005, it is untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

3

*shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Because the state application petitioner filed on June 1, 2006, was filed more than one year after March 22, 2005, petitioner is not entitled to any statutory tolling of the one-year limitations period.

Petitioner asserts in his reply brief that his state application did toll the one-year statute of limitations because after he received notice that his parole had been denied on March 22, 2005, he requested a special review with the parole board. The parole board responded and denied the request on July 12, 2005. Therefore, petitioner asserts, he either did not discover the factual basis for his claims until July 12, 2005, or his request for special review served to toll the one-year period, and his June 1, 2006, state writ application was therefore filed before the one-year statute of limitations ended. (Reply at 3). In support, petitioner cites *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2001) (holding that the timely pendency of prison grievance procedures tolls the one-year period), and *Wion v. Dretke*, 7:05-cv-146-RAJ (findings and recommendation of the magistrate judge on February 23, 2007, that the one-year limitations period be tolled from the date on which the petitioner filed a request for special review with the parole board until the date the request was denied). (Reply, Appendix at 4).[1]

Assuming for purposes of this motion that petitioner's position is correct, his federal petition was still untimely filed. Petitioner does not provide the date on which he filed his special review with the parole board. Even if he filed this request on March 22, 2005, the day he received notice that his

---

[1] According to the Fifth Circuit website, this case has been appealed by the petitioner, but no decision has yet been handed down.

parole was denied, the one-year limitations period would have been tolled until July 22, 2005, the undisputed date that the parole board denied his request for special review. After that date, the one-year period would have begun to run. At the time petitioner filed his state writ application on June 1, 2006, there were forty-two days remaining in the one-year limitations period. As noted earlier, the Texas Court of Criminal Appeals denied his state writ on December 6, 2006. (S.H.Tr.[WR-26,633-05]:cover). Because petitioner did not file his federal petition until March 1, 2007, eighty-six days later, the federal petition is untimely.[2]

Finally, nothing in the petitioner's petition or reply brief indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling), *cert. denied*, 532 U.S. 963 (2001); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Petitioner's October 24, 2006, filing should therefore be deemed untimely.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations and **DISMISS** it with prejudice.

---

[2] Petitioner also contends that the date on which the factual basis for his claims was first known to him was October 11, 2006, the date on which an employee of the Texas Department of Criminal Justice, Parole Division, signed an affidavit which was used, in part, as the basis for the state habeas court's decision to recommend that relief be denied. (S.H.Tr. [WR-26, 633-05]:96-98). Petitioner alleges that this affidavit was inaccurate because the employee attached the records of another inmate to the affidavit and made reference to mandatory supervision, which petitioner has never alleged he was entitled to. (*Id.* at 99). Notwithstanding this claim, petitioner alleges in his federal petition that the parole board erred in denying him parole. The factual basis for his claims is therefore the date on which he received notice from the parole board, not the date of an affidavit filed *after* he filed his state writ in which he raised the same claims as he raises at the federal level.

SO RECOMMENDED on this 29th day of January, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE